UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OAKLEY, INC. | ) | |
| One Icon | ) | |
| Foothill Ranch, California 92610, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| VARIOUS JOHN DOES NOS. 1-300, | ) | |
| and XYZ COMPANIES NOS. 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, through its undersigned attorneys, complaining of defendants, alleges as follows:

## COUNT I

### Jurisdiction and Venue

1.      This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1114(1), and is for the infringement and counterfeiting of trademarks registered in the United States Patent and Trademark Office by plaintiff.  This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### The Parties

2.      Plaintiff Oakley, Inc. ("Oakley") is a corporation duly organized and existing under the laws of the state of Washington having an office and principal place of business at One Icon, Foothill Ranch, California  92610.

3.      Upon information and belief, defendants Various John Does and XYZ Companies ("defendants"), are present and doing business in the District of Columbia.  Defendants are

transacting and doing business in this Judicial District and have committed the acts complained of herein in this Judicial District. Defendants are subject to the jurisdiction of this Court pursuant to the laws of this District and Rule 4 of the Federal Rules of Civil Procedure.

<u>Plaintiff Oakley's World Famous Trademarks</u>

4.      As early as 1985, Oakley has been and continues to be actively engaged in the manufacture and sale of high quality sport sunglasses. One of the successful lines of these sunglasses is marketed under the name FROGSKINS. Other current and successful lines of Oakley sunglasses include the BLADES/RAZOR BLADES, M FRAMES, ZEROS, SUB ZEROS AND E WIRES.

5.      Oakley is the owner of the federally registered trademark for the name "OAKLEY", and specifically Registration No. 1,356,297 of August 27, 1985; Registration No. 1,519,596, of January 10, 1989; Registration No. 1,522,692 of January 31, 1989; Registration No. 1,521,599 of January 24, 1989; Registration No. 1,980,039 of June 11, 1996; Registration No. 1,984,501 of July 2, 1996; Registration No. 1,990,262 of July 30, 1996; Registration No. 2,209,416 of December 8, 1998; Registration No. 2,211,466 of December 15, 1998; Registration No. 2,293,046 of November 16, 1999; Registration No. 2,300,245 of December 14, 1999; Registration No. 2,299,586 of December 14, 1999; Registration No. 2,301,660 of December 21, 1999; Registration No. 2,301,670 of December 21, 1999; Registration No. 2,310,917 of January 25, 2000; Registration No. 2,310,918 of January 25, 2000; Registration No. 2,324,386 of February 29, 2000; Registration No. 2,342,474 of April 18, 2000; Registration No. 2,344,609 of April 25, 2000; Registration No. 2,361,331 of June 27, 2000; and Registration No. 2,409,789 of December 5, 2000 for the Oakley trademarks (the "Oakley Registrations"). Copies of the Oakley Registrations are attached as Exhibit A.

6.      The Oakley Registrations are in full force and effect; the trademarks thereof and the goodwill of the business of plaintiff Oakley in connection with which the trademarks are used have

never been abandoned.  Plaintiff Oakley intends to, and will continue to, preserve and maintain its rights with respect to the Oakley Registrations.

7.     Oakley sunglasses, bearing one or more of the Oakley trademarks, by reason of their style, distinctive designs and quality, have come to be known by the purchasing public throughout the United States as sunglasses of the highest quality.  As a result thereof, the Oakley trademarks and the goodwill associated therewith are of inestimable value to plaintiff Oakley.

8.     Based on plaintiff Oakley's extensive sales of Oakley sunglasses and the wide popularity of Oakley sunglasses, the Oakley trademarks have developed a secondary meaning and significance in the minds of the purchasing public and products bearing such marks and names are immediately identified by the purchasing public with plaintiff Oakley.

<u>Defendants' Infringing Activities</u>

9.     Long after plaintiff's adoption and use of its trademarks on sunglasses and related products, and long after plaintiff's federal registration of its trademarks, defendants, on information and belief, commenced the manufacture, distribution, and sale of sunglasses bearing counterfeits and infringements of plaintiff's trademarks as those trademarks appear on plaintiff's sunglasses and as shown in the U.S. Trademark Registrations of Exhibit A.

10.     On information and belief, the activities of defendants complained of herein constitute willful and intentional infringement of plaintiff's registered trademarks; are in total disregard of plaintiff's rights and were commenced and have continued in spite of defendants' knowledge that the use of any of the trademarks of plaintiff's or a copy or a colorable imitation thereof, was and is in direct contravention of plaintiff's rights.

11.     The use by defendants of a copy of the trademarks of the plaintiff has been without the consent of plaintiff, is likely to cause confusion and mistake in the minds of the purchasing

public and, in particular, tends to and does falsely create the impression that the goods sold by

defendants are authorized, sponsored, or approved by plaintiff when, in fact, they are not.

       12.     Plaintiff has no adequate remedy at law, and is suffering irreparable harm and

damages as a result of the acts of defendants as aforesaid in an amount thus far not determined, but

believed to be in excess of Twenty Five Thousand Dollars ($25,000).

COUNT II

Jurisdiction and Venue

       13.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §

1051, et seq., particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce of false

designations of origin and false descriptions and representations.  This Court has jurisdiction over

the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper

in this judicial district pursuant to 28 U.S.C. § 1391.

       14.     Plaintiff incorporates all prior allegations.

       15.     Defendants have affixed, applied, or used in connection with their sale of goods,

false designations of origin and false descriptions and representations, including words or other

symbols which tend falsely to describe or represent such goods and have caused such goods to enter

into commerce with full knowledge of the falsity of such designations of origin and such

descriptions and representations, all to the detriment of plaintiff.  In particular, the sale by

defendants of goods incorporating counterfeits of plaintiff's trademarks constitutes false

descriptions and representations tending falsely to describe or represent goods sold by defendants.

       16.     Upon information and belief, defendants have sold sunglasses bearing counterfeit

copies of the trademarks of the plaintiff with the express intent to cause confusion and mistake, to

deceive and mislead the purchasing public, to trade upon the reputation of the plaintiff and to

improperly appropriate the valuable trademark rights of plaintiff.

-4-

17.    Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of defendants complained of herein in an amount thus far not determined, but believed to be in excess of Twenty Five Thousand Dollars ($25,000).

COUNT III

Jurisdiction and Venue

18.    This claim arises under the law of the District of Columbia relating to trademark infringement and unfair competition.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under the doctrine of supplemental jurisdiction.

19.    Plaintiff incorporates all prior allegations.

20.    As more fully set forth above, the trademarks of the plaintiff have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with the plaintiff.  The purchasing public is likely to attribute to the plaintiff the use by defendants of copies of the plaintiff's trademarks as a source of origin, authorization and/or sponsorship for defendants' products and, therefore, to buy defendants' products in that erroneous belief.

21.    On information and belief, defendants have intentionally appropriated the trademarks of the plaintiff with the intent of causing confusion, mistake, and deception as to the source of their goods, and with the intent to palm off their goods as those of the plaintiff and to place others in the position to palm off their goods as those of the plaintiff and, as such, defendants have committed trademark infringement and unfair competition under the common law.

22.    Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty Five Thousand Dollars ($25,000).

WHEREFORE, plaintiff prays:

I.    That a preliminary and permanent injunction be issued enjoining defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with them:

A.    From using any of the trademarks of plaintiff or any mark similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

B.    From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of third parties are sponsored by, authorized by, or in any way associated with plaintiff;

C.    From infringing the plaintiff's registered trademarks;

D.    From otherwise unfairly competing with the plaintiff;

E.    From falsely representing themselves as being connected with the plaintiff or sponsored by or associated with the plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that defendants, or any one of them, are associated with the plaintiff;

F.    From using any reproduction, counterfeit, copy, or colorable imitation of the trademarks of plaintiff in connection with the publicity, promotion, sale, or advertising of goods sold by defendants including, without limitation, sunglasses and related articles bearing a copy or colorable imitation of any of the plaintiff's trademarks; and,

G.    From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending

to falsely describe or represent such goods as being those of the plaintiff's and from offering such goods in commerce.

II.     That defendants be required to account to plaintiff for all profits and damages resulting from defendants' respective infringing activities and that the award to plaintiff be increased as provided for under 15 U.S.C. § 1117.

III.     That plaintiff has a recovery from defendants of the costs of this action and plaintiff's reasonable counsel fees.

IV.     That plaintiff be granted all other and further relief as this Court may deem just and proper under the circumstances.

Dated:  February 2, 2007

Respectfully submitted,

/s/ Stephen R. Smith
Stephen R. Smith
D.C. Bar No. 453719
Ivan J. Snyder
D.C. Bar No. 498461
POWELL GOLDSTEIN LLP
901 New York Avenue, N.W.
Third Floor
Washington, D.C. 20001
202-347-0066
202-624-7222 (Facsimile)

ATTORNEYS FOR PLAINTIFF
OAKLEY, INC.

OF COUNSEL:
Brian W. Brokate, Esquire
Angelo E. P. Mazza, Esquire
GIBNEY, ANTHONY & FLAHERTY
665 Fifth Avenue
New York, New York
212-688-5151
212-688-8315 (Facsimile)
::ODMA\PCDOCS\WSH\412979\1

Int. Cl.: 9

Prior U.S. Cl.: 26

Reg. No. 1,519,596

## United States Patent and Trademark Office

Registered Jan. 10, 1989

### TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (CALIFORNIA CORPORATION)
11 MARCONI
IRVINE, CA 92718

FOR: SUNGLASSES AND ACCESSORIES
FOR SUNGLASSES, NAMELY, REPLACE-
MENT LENSES, EAR STEMS AND NOSE
PIECES, IN CLASS 9 (U.S. CL. 26).

FIRST USE 3-0-1984;  IN  COMMERCE
3-0-1984.
OWNER OF U.S. REG. NOS. 1,169,945 AND
1,356,297.
SEC. 2(F).

SER. NO. 685,036, FILED 9-18-1987.

MARIA SOLOMON, EXAMINING ATTORNEY

REGISTERED FOR A TERM OF 20 YEARS FROM    Jan 10, 1989

Attest

JUN 28 199?

Attesting Officer

Certified to be a true copy of the registration
issued by the United States Patent & Trademark
Office, which registration is in full force
and effect. Record title is in  Registrant

ASSISTANT SECRETARY OF COMMERCE AND

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent and Trademark Office

Reg. No. 1,521,599
Registered Jan. 24, 1989

## TRADEMARK
### PRINCIPAL REGISTER

# OAKLEY

OAKLEY, INC. (CALIFORNIA CORPORATION)
11 MARCONI
IRVINE, CA 92718

FOR: SUNGLASSES AND ACCESSORIES FOR SUNGLASSES, NAMELY, REPLACEMENT LENSES, EAR STEMS AND NOSE PIECES, IN CLASS 9 (U.S. CL. 26).

FIRST USE 3-0-1984; IN COMMERCE 3-0-1984.
OWNER OF U.S. REG. NOS. 1,169,945 AND 1,356,297.

SER. NO. 685,035, FILED 9-18-1987.

MARIA SOLOMON, EXAMINING ATTORNEY

REGISTERED FOR A TERM OF 20 YEARS FROM     Jan. 24, 1989

Attest

JUN 22 1994

Attesting Officer

Certified to be a true copy of the registration issued by the United States Patent & Trademark Office, which registration is in full force and effect. Record title is in Registrant

ASSISTANT SECRETARY OF COMMERCE AND

Int. Cls.: 9 and 25

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, and 39

Reg. No. 1,984,501

## United States Patent and Trademark Office

Registered July 2, 1996

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (CALIFORNIA CORPORATION)
10 HOLLAND
IRVINE, CA 92718

FOR: PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-0-1993; IN COMMERCE 11-0-1993.

FOR: CLOTHING AND HEADWEAR, NAMELY T-SHIRTS, SWEATSHIRTS, JACKETS, HATS, AND CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-0-1993; IN COMMERCE 11-0-1993.

SN 74-485,534, FILED 2-2-1994.

DAVID H. STINE, EXAMINING ATTORNEY

TOTAL P.02

Int. Cls.: 9, 12 and 25

Prior U.S. Cls.: 19, 26 and 39

Reg. No. 1,356,297

## United States Patent and Trademark Office
Registered Aug. 27, 1985

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (CALIFORNIA CORPORATION)
#3 WRIGLEY DRIVE
IRVINE, CA 92714

FOR: GOGGLES, SUNGLASSES AND PRO-TECTIVE PADS FOR ELBOWS, FEET AND KNEES, IN CLASS 9 (U.S. CLS. 26 AND 39).
FIRST USE 6–0–1978; IN COMMERCE 6–0–1978.
FOR: VEHICLE PARTS, NAMELY BICYCLE AND MOTORCYCLE HAND GRIPS , IN CLASS 12 (U.S. CL. 19).
FIRST USE 6–0–1977; IN COMMERCE 6–0–1977.
FOR: CLOTHING - NAMELY T-SHIRTS; GLOVES; RACING PANTS; HATS; SWEAT-

SHIRTS; SPORT SHIRTS, JACKETS, JEANS, JERSEYS AND SKI PANTS, JACKETS, HATS, GLOVES AND SOCKS, IN CLASS 25 (U.S. CL. 39).
FIRST USE 6–0–1977; IN COMMERCE 6–0–1977.
THE MARK CONSISTS OF A FANCIFUL REPRESENTATION OF THE WORD "OAKLEY".
SEC. 2(F).

SER. NO. 454,303, FILED 11–25–1983.

JODY HALLER DRAKE, EXAMINING ATTOR-NEY

Int. Cl.: 25

Prior U.S. Cl.: 39

**Reg. No. 1,522,692**

## United States Patent and Trademark Office    Registered Jan. 31, 1989

### TRADEMARK
#### PRINCIPAL REGISTER

## OAKLEY

OAKLEY, INC. (CALIFORNIA CORPORATION)
11 MARCONI
IRVINE, CA 92718

   FOR: CLOTHING, NAMELY, SHIRTS AND HATS, IN CLASS 25 (U.S. CL. 39).
   FIRST USE 7–0–1980; IN COMMERCE 7–0–1980.

OWNER OF U.S. REG. NOS. 1,169,945 AND 1,356,297.
   SEC. 2(F).

SER. NO. 684,372, FILED 9–15–1987.

MARIA SOLOMON, EXAMINING ATTORNEY



Int. Cls.: 9 and 25

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, and 39

## United States Patent and Trademark Office

Reg. No. 1,980,039
Registered June 11, 1996

### TRADEMARK
#### PRINCIPAL REGISTER



OAKLEY, INC. (CALIFORNIA CORPORATION)
IRVINE, CA 92718

FOR: PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-0-1993; IN COMMERCE 11-0-1993.

FOR: CLOTHING, HEADWEAR AND FOOTWEAR, NAMELY T-SHIRTS, SWEATSHIRTS, BLOUSES, SWEATERS, SPORT SHIRTS, JERSEYS, SHORTS, TROUSERS, PANTS, SWEATPANTS, SKI PANTS, RACING PANTS, JEANS, COATS, VESTS, JACKETS, SWIMWEAR, HATS, VISORS, CAPS, GLOVES, BELTS, SOCKS, SANDALS AND SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-0-1993; IN COMMERCE 11-0-1993.

OWNER OF U.S. REG. NOS. 1,169,945, 1,552,583, AND OTHERS.

SN 74-485,652, FILED 2-2-1994.

DAVID H. STINE, EXAMINING ATTORNEY

Int. Cls.: 9 and 25

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, and 39

**United States Patent and Trademark Office**

Reg. No. 1,990,262
Registered July 30, 1996

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (CALIFORNIA CORPORATION)
10 HOLLAND
IRVINE, CA 92718

FOR: PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-0-1993; IN COMMERCE 11-0-1993.

FOR: CLOTHING, HEADWEAR AND FOOTWEAR, NAMELY T-SHIRTS, SWEATSHIRTS, BLOUSES, SWEATERS, SPORT SHIRTS, JERSEYS, SWEATPANTS, SKI PANTS, RACING PANTS, JEANS, COATS, VESTS, JACKETS, HATS, VISORS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-0-1994; IN COMMERCE 8-0-1994.

OWNER OF U.S. REG. NOS. 1,169,945, 1,552,583, AND OTHERS.

SN 74-485,536, FILED 2-2-1994.

DAVID H. STINE, EXAMINING ATTORNEY

Ⓒ

**ls.: 9 and 25**

**U.S. Cls.: 21, 22, 23, 26, 36, 38, and 39**

**Reg. No. 2,209,416**

**ed States Patent and Trademark Office**    Registered Dec. 8, 1998

## TRADEMARK
### PRINCIPAL REGISTER



Ⓞ

.Y., INC. (WASHINGTON CORPORA-
)
LAND
, CA 92718

PROTECTIVE AND/OR ANTI-GLARE
:AR, NAMELY, GOGGLES, AND THEIR
AND ACCESSORIES, NAMELY, CASES
.LLY ADAPTED FOR PROTECTIVE
R ANTI-GLARE EYEWEAR AND
PARTS AND ACCESSORIES, IN CLASS
:LS. 21, 23, 26, 36 AND 38).
T USE 8-0-1998; IN COMMERCE
3.

FOR: CLOTHING, HEADWEAR AND FOOT-
WEAR, NAMELY, T-SHIRTS, HATS, SHORTS,
SHIRTS, PANTS, JACKETS, SWEATSHIRTS,
SHOES, AND PULLOVERS, IN CLASS 25 (U.S.
CLS. 22 AND 39).

FIRST USE 10-5-1995; IN COMMERCE
10-5-1995.

OWNER OF U.S. REG. NOS. 1,904,181,
1,990,262, AND OTHERS.

SN 75-066,557, FILED 3-1-1996.

MARY ROSSMAN, EXAMINING ATTORNEY

Int. Cls.: 9 and 25

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, and 39

**United States Patent and Trademark Office**

Reg. No. 2,211,466

Registered Dec. 15, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## O MATTER

OAKLEY, INC. (WASHINGTON CORPORA-
TION)
10 HOLLAND
IRVINE, CA 92718

FOR: PROTECTIVE AND/OR ANTI-GLARE
EYEWEAR, NAMELY, SUNGLASSES, GOG-
GLES, SPECTACLES AND THEIR PARTS AND
ACCESSORIES, NAMELY, REPLACEMENT
LENSES, EAR STEMS, FRAMES, NOSEPIECES
AND FOAM STRIPS; CASES SPECIALLY
ADAPTED FOR PROTECTIVE AND/OR ANTI-
GLARE EYEWEAR AND THEIR PARTS AND
ACCESSORIES, IN CLASS 9 (U.S. CLS. 21, 23, 26,
36 AND 38).

FIRST USE 10-15-1996; IN COMMERCE
10-15-1996.

FOR: CLOTHING, HEADWEAR AND FOOT-
WEAR, NAMELY, T-SHIRTS, BEACHWEAR,

BLOUSES, SPORTS SHIRTS, JERSEYS, SWIM-
WEAR, SWIMTRUNKS, SHORTS, UNDER-
WEAR, SHIRTS, PANTS, RACING PANTS, SKI
PANTS, JEANS, VESTS, JACKETS, WETSUITS,
SWEATERS, PULLOVERS, COATS, SWEAT-
PANTS, SWEATSHIRTS, BELTS, SOCKS,
GLOVES, HATS, CAPS, VISORS, WETSUIT
BOOTIES, SHOES, SANDALS, ATHLETIC
FOOTWEAR, ALL PURPOSE SPORTS FOOT-
WEAR, THONGS AND BOOTS, IN CLASS 25
(U.S. CLS. 22 AND 39).

FIRST USE 11-16-1994; IN COMMERCE
11-16-1994.

OWNER OF U.S. REG. NOS. 1,904,181,
1,990,262, AND OTHERS.

SN 75-117,469, FILED 6-11-1996.

MARY ROSSMAN, EXAMINING ATTORNEY

Int. Cl.: **25**

Prior U.S. Cls.: **22 and 39**

Reg. No. 2,293,046

## United States Patent and Trademark Office

Registered Nov. 16, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## OAKLEY

OAKLEY, INC. (WASHINGTON CORPORA-
TION)
10 HOLLAND
IRVINE, CA 92718

FOR: CLOTHING, HEADWEAR AND FOOT-
WEAR AND FOOTWEAR, NAMELY, SPORT
SHIRTS, JERSEYS, SHIRTS, JACKETS, VESTS,
SWEATSHIRTS, PULLOVERS, COATS, SKI
PANTS, HEADWEAR, CAPS, SHOES, ATHLET-
IC FOOTWEAR, ALL PURPOSE SPORTS
FOOTWEAR AND SOCKS, IN CLASS 25 (U.S.
CLS. 22 AND 39).

FIRST USE 10-0-1997; IN COMMERCE
10-0-1997.

OWNER OF U.S. REG. NOS. 1,356,297,
1,522,692, AND 1,980,039.

SEC. 2(F).

SN 75-154,056, FILED 8-22-1996.

DOMINICK J. SALEMI, EXAMINING ATTOR-
NEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,300,245

Registered Dec. 14, 1999

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (WASHINGTON CORPORA-
TION)
10 HOLLAND
IRVINE, CA 92718

FOR: CLOTHING, NAMELY, T-SHIRTS,
BEACHWEAR, BLOUSES, SPORTS SHIRTS,
JERSEYS, SHORTS, SHIRTS, PANTS, RACING
PANTS, SKI PANTS, VESTS, JACKETS,
SWEATERS, PULLOVERS, COATS, SWEAT-
PANTS, SWEATSHIRTS, HEADWEAR,
NAMELY, HATS, CAPS, AND FOOTWEAR,

NAMELY, SHOES, ATHLETIC FOOTWEAR,
ALL PURPOSE SPORTS FOOTWEAR, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11–0–1994; IN COMMERCE
11–0–1994.

OWNER OF U.S. REG. NOS. 1,904,181,
1,990,262, AND OTHERS.

SN 75–154,317, FILED 8–22–1996.

MARY ROSSMAN, EXAMINING ATTORNEY

Int. Cl.: **14**

Prior U.S. Cls.: **2, 27, 28 and 50**

United States Patent and Trademark Office

Reg. No. 2,299,586
Registered Dec. 14, 1999

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (WASHINGTON CORPORA-
TION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: JEWELRY AND TIME PIECES,
NAMELY, WATCHES, IN CLASS 14 (U.S. CLS.
2, 27, 28 AND 50).

FIRST USE 12-3-1998; IN COMMERCE
12-3-1998.

OWNER OF U.S. REG. NOS. 1,356,297, 2,209,416
AND OTHERS.

SER. NO. 75-491,474, FILED 5-27-1998.

GENE MACIOL, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

## United States Patent and Trademark Office

Reg. No. 2,301,660
Registered Dec. 21, 1999

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (WASHINGTON CORPORA-
TION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: JEWELRY AND TIME PIECES,
NAMELY, WATCHES, IN CLASS 14 (U.S. CLS.
2, 27, 28 AND 50).

FIRST USE 12–3–1998; IN COMMERCE
12–3–1998.

OWNER OF U.S. REG. NOS. 1,904,181,
1,984,501, AND 2,209,416.

SER. NO. 75–490,535, FILED 5–26–1998.

GENE MACIOL, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

## United States Patent and Trademark Office

Reg. No. 2,301,670

Registered Dec. 21, 1999

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (WASHINGTON CORPORA-
TION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: JEWELRY AND TIME PIECES,
NAMELY, WATCHES, IN CLASS 14 (U.S. CLS.
2, 27, 28 AND 50).

FIRST USE 12–3–1998; IN COMMERCE
12–3–1998.

OWNER OF U.S. REG. NOS. 1,356,297, 1,980,039
AND OTHERS.

SER. NO. 75–492,462, FILED 5–26–1998.

GENE MACIOL, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

**Reg. No. 2,310,917**

## United States Patent and Trademark Office

Registered Jan. 25, 2000

### TRADEMARK
### PRINCIPAL REGISTER

## INERTIAL GENERATOR

OAKLEY, INC. (WASHINGTON CORPORA-
TION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: JEWELRY AND TIME PIECES,
NAMELY, WATCHES AND COMPONENTS

THEREOF, IN CLASS 14 (U.S. CLS. 2, 27, 28
AND 50).

FIRST USE 11–18–1998; IN COMMERCE
12–3–1998.

SER. NO. 75–526,619, FILED 7–28–1998.

GENE MACIOL, EXAMINING ATTORNEY

*O Engine*

Int. Cl.: **14**

Prior U.S. Cls.: **2, 27, 28 and 50**

Reg. No. 2,310,918

## United States Patent and Trademark Office

Registered Jan. 25, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## O ENGINE

OAKLEY INC. (WASHINGTON CORPORA-
TION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: JEWELRY AND TIME PIECES,
NAMELY, CLOCKS, WATCHES AND COMPO-

NENTS THEREOF, IN CLASS 14 (U.S. CLS. 2,
27, 28 AND 50).
FIRST USE 11–18–1998; IN COMMERCE
12–3–1998.

SER. NO. 75–526,620, FILED 7–28–1998.

GENE MACIOL, EXAMINING ATTORNEY

.: 22 and 39

es Patent and Trademark Office

Reg. No. 2,324,386

Registered Feb. 29, 2000

## TRADEMARK
### PRINCIPAL REGISTER



(WASHINGTON CORPORA-

H, CA 92610

:AR; NAMELY SOCKS, IN
S. 22 AND 39).

FIRST USE 3-30-1999; IN COMMERCE
3-30-1999.

SER. NO. 75-673,230, FILED 4-2-1999.

DAVID C. REIHNER, EXAMINING ATTOR-
NEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

**United States Patent and Trademark Office**

Reg. No. 2,342,474

Registered Apr. 18, 2000

## TRADEMARK
### PRINCIPAL REGISTER

# X METAL

OAKLEY, INC. (WASHINGTON CORPORA-
TION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: JEWELRY AND TIME PIECES,
NAMELY, CLOCKS, WATCHES AND COMPO-
NENTS THEREOF, IN CLASS 14 (U.S. CLS. 2,
27, 28 AND 50).

FIRST USE 11–18–1998; IN COMMERCE
12–3–1998.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "METAL", APART FROM THE
MARK AS SHOWN.

SER. NO. 75–526,617, FILED 7–28–1998.

GENE MACIOL, EXAMINING ATTORNEY

Int. Cl.: **14**

Prior U.S. Cls.: **2, 27, 28 and 50**

## United States Patent and Trademark Office

**Reg. No. 2,344,609**

Registered Apr. 25, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## TIME BOMB

OAKLEY, INC. (WASHINGTON CORPORA-
TION)
ONE ICON
FOOTHILL RANCH, CA 92610

   FOR: JEWELRY AND TIME PIECES,
NAMELY, CLOCKS, WATCHES AND COMPO-

NENTS THEREOF, IN CLASS 14 (U.S. CLS. 2,
27, 28 AND 50).
   FIRST USE 12–3–1998; IN COMMERCE
12–3–1998.

   SER. NO. 75–524,450, FILED 7–23–1998.

GENE MACIOL, EXAMINING ATTORNEY

Int. Cl.: **14**

Prior U.S. Cls.: **2, 27, 28 and 50**

Reg. No. 2,361,331

## United States Patent and Trademark Office

Registered June 27, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## WORLD MOVEMENT

OAKLEY, INC. (WASHINGTON CORPORATION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: JEWELRY AND TIME PIECES, NAMELY, CLOCKS, WATCHES AND COMPONENTS THEREOF, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).
FIRST USE 12–3–1998; IN COMMERCE 12–3–1998.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MOVEMENT", APART FROM THE MARK AS SHOWN.

SER. NO. 75–523,734, FILED 7–23–1998.

GENE MACIOL, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

## United States Patent and Trademark Office

Reg. No. 2,409,789

Registered Dec. 5, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## OAKLEY

OAKLEY, INC. (WASHINGTON CORPORATION)
ONE ICON, FOOTHILL RANCH, CA 92610

    FOR: JEWELRY AND TIME PIECES, NAMELY, WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).
    FIRST USE 12–3–1998; IN COMMERCE 12–3–1998.

    OWNER OF U.S. REG. NOS. 1,356,297, 1,980,039 AND OTHERS.
    SEC. 2(F).

    SER. NO. 75–490,944, FILED 5–26–1998.

GENE MACIOL, EXAMINING ATTORNEY

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS**

Oakley, Inc.                    88656

**DEFENDANTS**

Various John Does Nos. 1-300 and XYZ Companies Nos. 1-20

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Stephen R. Smith, Esq. and Ivan J. Snyder, Esq.
Powell Goldstein LLP
901 New York Avenue, N.W., Third Floor
Washington, DC 20001

CASE NUMBER  1:07CV00275

JUDGE: Royce C. Lamberth

DECK TYPE: TRO/Preliminary Injunctio

DATE STAMP: 02/06/2007

**II. BASIS OF JURISDICTION**
(PLACE AN X IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP**
FOR PLAINTIFF A...                    FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

# IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/ Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act

  Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)

  Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ◉ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

---

- ○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff files this claim under 15 U.S.C. 1051, et seq. for trademark infringement and counterfeiting.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** [_____]   Check YES only if demanded in compl...

**JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form)

Oakley, Inc. v. Various John Does and XYZ Companies; CA No. 04-0045 (RCL)

DATE 2/2/07   SIGNATURE OF ATTORNEY OF RECORD   *Stephen R. Smith (JJ)*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.