UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

OAKLEY, INC. )
    )
    Plaintiff, )
    )
vs. )    Case No.: 07-0275 (RCL)
    )
VARIOUS JOHN DOES NOS. 1-300, )
and XYZ COMPANIES NOS. 1-20, )
    )
    Defendant. )

FILED
AUG - 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PRELIMINARY INJUNCTION ORDER

This action having been commenced by Plaintiff Oakley, Inc. ("Oakley") on February 6, 2007, against Defendant alleging trademark infringement of Plaintiff's trademarks and charging Defendant with trademark infringement and unfair competition, and various John Does having been served on March 27, 2008, April 16, 2008, May 7, 2008, and May 29, 2008, defendant Xiu Wong having been served on March 27, 2008, and Kamar Adu having been served on May 29, 2008 with a Summons, copy of the Complaint, Plaintiff's Motion for a Supplemental Show Cause Order and Seizure Order, and supporting declarations; Supplemental Show Cause Order and Seizure Order signed by Judge Lamberth on March 11, 2008, and accompanying papers; and

It appearing to the Court that it has jurisdiction over the subject matter of this action, over the Plaintiff and over the Defendant; and

The Court having considered the Complaint and the exhibits thereto, the Plaintiff's Order to Show Cause and accompanying papers and there being no opposition from Defendant;

NOW, THEREFORE, it is hereby ORDERED as follows that:

(1) Defendant and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action:

(a) From using Plaintiff Oakley, Inc.'s trademarks as shown on U.S. Trademark Registrations, including but not limited to: Registration No. 1,356,297 of August 27, 1985; Registration No. 1,519,596, of January 10, 1989; Registration No. 1,522,692 of January 31, 1989; Registration No. 1,521,599 of January 24, 1989; Registration No. 1,980,039 of June 11, 1996; Registration No. 1,984,501 of July 2, 1996; Registration No. 1,990,262 of July 30, 1996; Registration No. 2,209,416 of December 8, 1998; Registration No. 2,211,466 of December 15, 1998; Registration No. 2,293,046 of November 16, 1999; Registration No. 2,300,245 of December 14, 1999; Registration No. 2,299,586 of December 14, 1999; Registration No. 2,301,660 of December 21, 1999; Registration No. 2,301,670 of December 21, 1999; Registration No. 2,310,917 of January 25, 2000; Registration No. 2,310,918 of January 25, 2000; Registration No. 2,324,386 of February 29, 2000; Registration No. 2,342,474 of April 18, 2000; Registration No. 2,344,609 of April 25, 2000; Registration No. 2,361,331 of June 27, 2000; and Registration No. 2,409,789 of December 5, 2000 for the Oakley trademarks, all of which are claimed for use on Oakley sunglasses and related accessories (hereinafter "Plaintiff's Registered Trademarks"), or any marks similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

(b) From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods, labels, tags, sunglasses, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs,

price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiff's trademarks;

(c) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendant are sponsored by, authorized by, or in any way associated with the Plaintiff;

(d) From infringing Plaintiff's Registered Trademarks;

(e) From otherwise unfairly competing with Plaintiff;

(f) From falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff;

(g) From using any reproduction, counterfeit, copy, or colorable imitation of the trademarks of Plaintiff in connection with the publicity, promotion, sale, or advertising of goods sold by Defendant including, without limitation, sunglasses bearing a copy or colorable imitation of Plaintiff's trademarks;

(h) From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff and from offering such goods in commerce;

(i) From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff; and

(j) From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture,

advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the Plaintiff's Registered Trademarks.

(2) Defendant, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them are hereby enjoined, pending the final hearing and determination of this action, from transferring, discarding, destroying or otherwise disposing of the following in the possession, custody or control of the Defendant:

(a) All merchandise bearing any copy or counterfeit of Plaintiff's trademarks or any markings substantially indistinguishable therefrom;

(b) All labels, tags, logos, emblems, watch faces, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of the Plaintiff's trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and,

(c) All books and records showing:

(i) Defendant's manufacture, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and,

(ii) Defendant's manufacture, receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise.

(3) This Preliminary Injunction Order is issued without the posting by Plaintiff of any additional bond.

(4) The parties may take immediate and expedited discovery without regard to the time limitations set forth in Rules 30, 33, 34 and 36 of the Federal Rules of Civil Procedure.

(5) The Supplemental Seizure Order of March 11, 2008, is hereby confirmed, and the counterfeit goods seized pursuant to the Court's March 11, 2008 Supplemental Seizure Order may be destroyed, as provided for in 15 U.S.C. § 1118.

Dated: __8/1/08__

SO ORDERED:

*Royce C. Lamberth*
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA