UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OAKLEY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  07-0275 (RCL) |
| | ) | |
| VARIOUS JOHN DOES NOS. 1-300, and | ) | |
| XYZ COMPANIES NOS. 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION FOR A DEFAULT JUDGMENT

Plaintiff, Oakley, Inc., hereby respectfully moves this Court for a default judgment under Fed. R. Civ. P. 55(b) and the granting of a permanent injunction individually and collectively against defendants, Kings Discount Store LLC, Larry Costello Micheal, Xiu Wong, and Kamar Adu (the "Defaulting Defendants") and in support thereof respectfully shows the following:

1.    On August 12, 2008, the Clerk of this Court entered default as to the Defaulting Defendants.  Pursuant to Federal Rule of Civil Procedure 55, Plaintiff respectfully requests that this Court enter permanent injunctions by default against the Defendants named in this motion and in the accompanying form of judgment.

2.    None of the Defaulting Defendants has answered in this case or has contacted Plaintiff's counsel in an attempt to resolve Plaintiff's claims.  The entry of the accompanying default judgment will fully and finally resolve Plaintiff's claims for injunctive relief against the Defaulting Defendants.

Plaintiff, Oakley, Inc., respectfully requests that this Court grant its motion for default judgment granting a permanent injunction and enter the form of order attached hereto and grant Plaintiff such other and further relief to which it may be justly entitled.

Dated:  August 12, 2008

Respectfully submitted,

/s/ Ivan J. Snyder

Ivan J. Snyder
D.C. Bar No. 498461
POWELL GOLDSTEIN LLP
901 New York Avenue, N.W.
Third Floor
Washington, D.C. 20001
202-347-0066
202-624-7222 (Facsimile)

ATTORNEYS FOR PLAINTIFF
OAKLEY, INC.

OF COUNSEL:
Brian W. Brokate, Esquire
Angelo E. P. Mazza, Esquire
GIBNEY, ANTHONY & FLAHERTY
665 Fifth Avenue
New York, New York
212-688-5151
212-688-8315 (Facsimile)

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Motion for a Default Judgment was mailed first-class mail, postage prepaid on this the 12th day of August, 2008, to all defendants for whom plaintiff has a mailing address:

  Xiu Wong
  1309 5th Street NE
  Washington, D.C. 20002

  Kings Discount Store LLC
  620 H St. N.E.
  Washington, D.C. 20002

  Larry Costello Micheal
  700 Madison St. NW #100
  Washington, D.C. 20011

        /s/ Ivan J. Snyder_____

        Ivan J. Snyder

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OAKLEY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:  07-0275 (RCL) |
| | ) |
| VARIOUS JOHN DOES NOS. 1-300, and | ) |
| XYZ COMPANIES NOS. 1-20, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## DEFAULT JUDGMENT

This action having been commenced by Plaintiff, Oakley, Inc., ("Oakley") on February 6, 2007 against defendants alleging trademark infringement of plaintiff's trademark and charging defendants with trademark infringement, trademark counterfeiting, use of a false designation of origin, and unfair competition; and

Defendant Kings Discount Store LLC having been served on March 1, 2007, with a Summons, copy of the Complaint, copy of the Temporary Restraining Order, Seizure Order, Expedited Discovery Order and Seizure and Show Cause Order signed by Judge Lamberth on February 7, 2007, and accompanying papers; and Preliminary Injunction having been issued on said Defendant on March 7, 2007;

Defendant Larry Costello Micheal having been served on June 6, 2007, with a Summons, copy of the Complaint, copy of the Temporary Restraining Order, Seizure Order, Expedited Discovery Order and Seizure and Show Cause Order signed by Judge Lamberth on March 7, 2007, and accompanying papers; and Preliminary Injunction having been issued on said Defendants on August 9, 2007; and

Defendant Xiu Wong having been served on March 27, 2008, with a Summons, copy of the Complaint, copy of the Temporary Restraining Order, Seizure Order, Expedited Discovery Order and Seizure and Show Cause Order signed by Judge Lamberth on March 11, 2008, and accompanying papers; and Preliminary Injunction having been issued on said Defendants on August 1, 2008; and

Defendant Kamar Adu having been served on May 29, 2008, with a Summons, copy of the Complaint, copy of the Temporary Restraining Order, Seizure Order, Expedited Discovery Order and Seizure and Show Cause Order signed by Judge Lamberth on March 11, 2008, and accompanying papers; and Preliminary Injunction having been issued on said Defendants on August 1, 2008.

Default having been entered against all Defendants named above (the "Defaulting Defendants") by the Clerk of the Court on August 12, 2008.

JUDGMENT is granted in favor of Plaintiff as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and their agents, employees, servants, and all those in privity, concert or participation with them, who have actual notice of this Order by personal service or otherwise, are immediately and permanently enjoined:

(a)    from using the Plaintiff's trademarks, tradenames, logos, or any marks similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

(b)    from possessing, receiving, manufacturing, printing, distributing, advertising, promoting, importing, returning, offering for sale, holding for sale, selling, or otherwise disposing of in any manner any goods, labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles and any silk screens, catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiff's trademarks;

2

(c)    from using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiff;

(d)    from infringing Plaintiff's registered trademarks;

(e)    from otherwise unfairly competing with Plaintiff;

(f)    from falsely representing himself or herself as being connected with Plaintiff or sponsored by or associated with Plaintiff;

(g)    from using any reproduction, counterfeit, copy or colorable imitation of any of the Plaintiff's trademarks in connection with the publicity, promotion, sale, importing or advertising of goods sold by Defaulting Defendants bearing a copy of colorable imitation of Plaintiff's trademarks;

(h)    from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff and from offering such goods in commerce; and

(i)    from using any trademark or tradename in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff.

IT IS FURTHER ORDERED that title to all counterfeit items impounded from the business premises of the Defaulting Defendants at any time during this litigation, and all other items, if any, subsequently surrendered to law enforcement officers or to Plaintiff or its representatives by the Defaulting Defendants pursuant to a supplemental seizure order and/or order to show cause issued by this Court, is hereby transferred to and vested in Plaintiff.

The Court finds that there is no just reason for delay in entry of this Permanent Injunction as to the Defaulting Defendants and the Clerk is directed to enter this Permanent Injunction as a final judgment as to Plaintiff's claims against the Defaulting Defendants.

The undertaking of Plaintiff to file a $20,000 bond as a condition of the entry of a Temporary Restraining Order and Seizure Order in this cause is hereby discharged as to all Defendants and may now be released in full.

DONE AND ORDERED on this the _____ day of _____, 2008.

_____
THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE